# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NIGEL JOHNSON and DEREK JACKSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) NO. 3:22-cv-00059 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| UNITED PARCEL SERVICE, INC. and JEFF BLOEDORN, | ) MAGISTRATE JUDGE NEWBERN |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss Amended Complaint. (Doc. No. 25). Plaintiffs filed a response in opposition (Doc. No. 29), and Defendants filed a reply (Doc. No. 30). For the reasons discussed below, the motion will be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Nigel Johnson and Derek Jackson bring an amended complaint against Defendants United Parcel Service, Inc. ("UPS") and Jeff Bloedorn ("Bloedorn") under 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. for retaliation and race discrimination. (Doc. No. 19). Plaintiffs are African American men employed by UPS. (*Id*. ¶ 2). In 2019 and 2020, UPS promoted lesser qualified white employees over Plaintiffs because of their race. (*Id*. ¶¶ 6-8). Plaintiffs complained to Bloedern about racial discrimination, which Bloedorn then used as a negative factor in his recommendations on whether Plaintiffs should be promoted. (*Id*. ¶¶ 13-14). Bloedorn also conspired with Plaintiffs' respective management teams to fabricate disciplinary write-ups to make sure white employees were promoted over Plaintiffs. (*Id*. ¶¶ 13, 15).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

Title VII makes it unlawful for an employer to discriminate against any individual with respect to their "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also makes it unlawful to retaliate against employees for engaging in protected conduct – that is, opposing any practice made unlawful by Title VII, or making a charge or testifying, assisting or participating in any manner in an investigation, proceeding, or hearing under Title VII. 28 U.S.C. § 2000e-3(a). Section 1981 guarantees to persons of all races "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

### A. Discrimination claims

Through the pending motion to dismiss, Defendants argue dismissal is appropriate because the Amended Complaint fails to state a prima facie case for race discrimination. (*See* Doc. No. 26 at 4-5, 7-8).[1] However, a Title VII plaintiff does not need to make a prima facie showing to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (finding it to be error to require plaintiff to plead a prima facie case under *McDonnell Douglas* in order to survive a motion to dismiss). Rather, Plaintiffs need only allege facts that "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[D]etailed factual allegations" are not necessary; a plaintiff need only "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that an employer violated Title VII. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, 679). Thus, a complaint satisfies the pleading requirements for Federal Rule of Civil Procedure 8(a)(2) so long as it "provides an adequate factual basis for a Title VII discrimination claim[.]" *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012). Here, viewing the factual allegations in the light most favorable to Plaintiffs and drawing all reasonable inferences in their favor, the amended complaint plausibly alleges sufficient factual content that UPS racially discriminated against Plaintiffs to survive Defendants' pending motion to dismiss.

---

[1] Claims of race discrimination and retaliation under Section 1981 are analyzed under the same standards as claims of race discrimination brought under Title VII. *See Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 771 (6th Cir. 2018). To establish a prima facie discrimination claim under Title VII and Section 1981, a plaintiff must show that they (1) are a member of a protected class; (2) suffered an adverse employment action; (3) were qualified for the position in question; and (4) were treated differently from similarly situated individuals outside of their protected class. *See Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. 2021). "Failing to promote an employee qualifies as an adverse employment action." *Doe v. City of Detroit, Michigan*, 3 F.4th 294, 304 (6th Cir. 2021) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).

Defendants also argue Plaintiffs' Title VII discrimination claims must be dismissed "for their failure to plead administrative exhaustion." (Doc. No. 26 at 6). As a prerequisite to bringing claims under Title VII, a claimant must first exhaust their administrative remedies by filing an administrative charge with the EEOC. *See* 42 U.S.C. § 2000e–5(e)(1).[2] However, "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). While the Court does not consider the attachments to Plaintiffs' response (Doc. Nos. 29-1, 29-2), it appears from Defendants' reply that there is a dispute of fact as to whether Plaintiffs filed administrative charges with the EEOC. The Court will not resolve this factual dispute in Defendants' favor on a motion to dismiss.

## B. Retaliation claims

To survive a motion to dismiss for failure to state a claim, a plaintiff bringing a Section 1981 retaliation claim must allege that (1) they engaged in protected activity, (2) their exercise of that activity was known by the defendant, (3) the defendant thereafter took an action that was materially adverse to them, and (4) there was a causal connection between the protected activity and the materially adverse action. *See Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019) (noting the elements of a retaliation claim under Section 1981 are the same as those under Title VII).

Through the pending motion to dismiss, Defendants argue the amended complaint fails to allege sufficient factual content for the Court to reasonable infer that Plaintiffs engaged in "protected activity." (Doc. No. 26 at 8-9). "[O]pposing any practice that the employee reasonably believes to be a violation of Title VII" constitutes protected activity. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000). Here, the amended complaint alleges that Plaintiffs

---

[2] 42 U.S.C. § 1981 does not require the exhaustion of administrative remedies. *Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502, 511 n. 3 (6th Cir. 2011).

4

complained of racial discrimination to Bloedorn. (*See* Doc. No. 19 ¶¶ 13-14). Complaining about racial discrimination can constitute protected activity. *See Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 344–45 (6th Cir. 2021) (citing *Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 276 (2009) ("When an employee communicates to her employer a belief that the employer has engaged in ... a form of employment discrimination, that communication virtually always constitutes the employee's opposition to the activity.") (internal quotation marks and emphasis omitted)). Accordingly, at this stage, Plaintiffs' allegations are sufficient to state a plausible claim for retaliation.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE