IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NIGEL JOHNSON and DEREK JACKSON, | ) )  )  ) |
| Plaintiffs, | ) ) |
| v. | NO. 3:22-cv-00059 ) ) |
| UNITED PARCEL SERVICE, INC. and JEFF BLOEDORN, | JUDGE CAMPBELL ) MAGISTRATE JUDGE NEWBERN ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Sever the Plaintiffs' Claims and to Transfer Venue (Doc. No. 32), which is fully briefed and ripe for review. (*See* Doc. Nos. 35, 36). For the reasons discussed below, the motion is **DENIED**.

### I.   BACKGROUND

Plaintiffs Nigel Johnson ("Johnson") and Derek Jackson ("Jackson") bring this suit against Defendants United Parcel Service, Inc. ("UPS") and Jeff Bloedorn ("Bloedorn") under 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. for retaliation and race discrimination. (Doc. No. 19). Johnson and Jackson are African American men who were employed by UPS, and in 2019 and 2020, UPS promoted lesser qualified white employees over Johnson and Jackson because of their race. (*Id*. ¶¶ 2, 6-8).[1] Johnson and Jackson complained to Bloedern about racial discrimination, which Bloedorn then used as a negative factor in his recommendations on whether Johnson and Jackson should be promoted. (*Id*. ¶¶ 13-14). Bloedorn also conspired with Johnson and Jackson's respective management teams to

---

[1] The Court presumes, for purposes of the motion to sever, that Plaintiffs' allegations in the Amended Complaint are true.

fabricate disciplinary write-ups to make sure white employees were promoted over Johnson and Jackson. (*Id.* ¶¶ 13, 15). At all relevant times, Bloedorn worked for UPS as a Human Resources professional in Nashville, Tennessee. (*Id.* ¶ 1).

Through the pending motion, UPS and Bloedorn seek to sever Johnson and Jackson's claims, pursuant to Federal Rule of Civil Procedure 21, and transfer their claims to the Northern District of Mississippi, pursuant to 28 U.S.C. § 1404(a).

## II. LAW AND ANALYSIS

### A. Motion to Sever

Rule 21 of the Federal Rules of Civil Procedure provides that "[t]he court may ... sever any claim against a party." Courts have long held that joinder of parties and claims is "strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966); *Crutcher v. Kentucky*, 961 F.2d 1576, 1992 WL 98020 at *3 (6th Cir. 1992) ("Under the Federal Rules of Civil Procedure, particularly Rule 2, 8-20, and 42, joinder of claims, parties, and remedies, is strongly encouraged because the impulse of the Rules is toward entertaining the broadest possible scope of action consistent with fairness to the parties."). "The rule is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Lee v. Dell Prods., L.P.*, No. 3:06cv0001, 2006 WL 2981301, at * 7 (M.D. Tenn., Oct. 16, 2006).

"The permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citation omitted). Courts consider a number of factors when determining whether to sever claims, including: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be

2

avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims. *Id*. (citation omitted).

Here there are common questions of law and fact given that both Johnson and Jackson allegedly complained to Bloedorn about racial discrimination and Bloedorn allegedly retaliated against them in the same manner by using their discrimination complaints as a negative factor in his recommendations about whether they should be promoted and by conspiring to fabricate disciplinary write-ups about them. (Doc. No. 19 ¶¶ 13-15). And there is sufficient overlap in the foregoing factual averments to characterize Plaintiffs' claims as arising from the same transaction or occurrence within the meaning of Rule 20(a). That Johnson and Jackson's claimed discrimination occurred in 2019 and 2020 respectively does not necessitate severance of their claims, particularly considering that the alleged retaliatory conduct involving Bloedorn was the same and all of the alleged retaliatory conduct was in retaliation for the same alleged protected activity – making claims of racial discrimination.

With regard to Defendants' claims of potential prejudice and jury confusion, consideration of such questions is more appropriate after development of the facts in discovery and, in any event, is better suited to a motion for separate trials under Fed. R. Civ. P. 42. For reasons stated above, the Court, in its discretion, declines to sever Johnson and Jackson's claims in this action.

**B.   Motion to Transfer**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). With this statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). In ruling on a motion to transfer venue, a district court should consider, on a case-specific basis, "the private interests of the parties,

including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1136–37 (6th Cir. 1991)); *accord Kerobo*, 285 F.3d at 557. Relevant factors to consider include: (1) the convenience of the parties and witnesses; (2) the accessibility of evidence; (3) the availability of process to make reluctant witnesses testify; (4) the costs of obtaining willing witnesses; (5) the practical problems of trying the case most expeditiously and inexpensively; and (6) the interests of justice. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). The moving party bears the burden of demonstrating that these factors weigh strongly in favor of transfer. *Id*. The Court "has broad discretion to grant or deny a motion to transfer [a] case." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (alteration in original, citation omitted). Here, there is no dispute that this case could have been brought in the Northern District of Mississippi which is the threshold inquiry in any § 1404(a) analysis. The Court therefore moves directly to the parties' arguments regarding case-specific factors.

*Plaintiffs' choice of venue* – Unless the balance is strongly in favor of the defendants, the plaintiffs' choice of forum should rarely be disturbed. *See Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Johnson and Jackson's choice of forum is entitled to less deference in the present case because Johnson and Jackson are residents are the Northern District of Mississippi. *See Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) ("where the plaintiff does not reside in the chosen forum[,] courts assign less weight to the plaintiff's choice."). Accordingly, this factor ways minimally against transfer.

*Convenience of the parties and witnesses* – UPS and Bloedorn argue this factor weighs in favor of transfer because Johnson and Jackson live and work in the Northern District of Mississippi and because most of the witnesses are "located relative to UPS's Greenville, Mississippi facility,

outside of the Middle of Tennessee and may not be compelled to testify in Court via a subpoena." (Doc. No. 33 at 11). UPS and Bloedorn do not identify the witnesses who they claim will suffer inconvenience from litigation in this district or describe the testimony that they will offer. *See Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008) ("[T]he party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover" (citation omitted)); *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001) (stating that "the parties should provide each witness's name and outline of what material testimony that witness would provide"). As a result, the Court has no basis to determine how many witnesses are likely to encounter inconvenience, whether they would be relevant and material witnesses in this litigation, or whether they are employee witnesses or non-party witnesses—all important determinations on a motion to transfer under § 1404(a). *See Oakley v. Remy Int'l, Inc.*, No. 2010 WL 503125, at *4 (M.D. Tenn. Feb. 5, 2010) (noting that the convenience of the witnesses is more than a head count and includes "a consideration of the importance of each witness"); *see also FIMCO Servs., LLC v. FirstMerit Bank, N.A.*, 2010 WL 5184885, at *10 (E.D. Tenn. Dec. 15, 2010) ("Convenience of non-party witnesses, as opposed to employee witnesses, is one of the most important factors in the transfer analysis[.]"). UPS and Bloedorn therefore fall short of showing that the factor of convenience favors transfer to the Northern District of Mississippi.

*Location of proof* – UPS and Bloedorn assert that this factor is of neutral weight in the Court's analysis to the extent their documentary proof regarding Johnson and Jackson's employment histories may be accessed electronically anywhere. (Doc. No. 33 at 11-12). The Court agrees that the location of sources of proof is of neutral weight.

*Interest of justice* – UPS and Bloedorn argue this factor weighs in favor of transfer because the Northern District of Mississippi has a localized interest in deciding this case because the parties

5

are "at home" in that district. (Doc. No. 33 at 12). Johnson and Jackson argue this factor weighs against transfer because the alleged retaliatory and discriminatory decisions were allegedly made in Nashville and the venue provision in Title VII expressly provides that an action "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e–5(f)(3); *see e.g.*, *Smith*, 578 F. Supp. 2d at 968 (interests of justice weighed against transfer because public policy behind the forum provision contained in Title VII favors permitting the plaintiff to pursue her Title VII claims in the venue in which the alleged employment practice is alleged to have been committed). Given the public policy behind the Title VII's forum provision, the Court finds that the interests of justice weigh against transfer in this case given Johnson and Jackson's allegations that the retaliatory and discriminatory decisions were made in this district. *See id*.

Here, the cumulative balance of the Section 1404(a) factors does not present a strong basis to transfer this action from Johnson and Jackson's chosen forum. Accordingly, UPS and Bloedorn have failed to meet their burden of demonstrating that the Section 1404(a) factors weigh strongly in favor of transfer. *See Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). For reasons stated above, the Court, in its discretion, declines to transfer this matter to the Northern District of Mississippi.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE